UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SEAY,                                        Case No. 11-10589

        Plaintiff,                               Stephen J. Murphy, III
v.                                                          United States District Judge

COMMISSIONER OF SOCIAL SECURITY,       Michael Hluchaniuk
                                                            United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION**
**DISMISSAL UNDER RULE 41(b) AND**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 15)**

**I.     PROCEDURAL HISTORY**

    A.     Proceedings in this Court

On February 14, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Stephen J. Murphy, III referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of supplemental security income benefits. (Dkt. 3). Pursuant to the Court's order granting defendant an extension of time, defendant timely filed a motion for summary judgment on September 16, 2011. (Dkt. 15). Plaintiff did not, however, file a motion for summary judgment, contrary scheduling order dated May 27,

1

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

2011. (Dkt. 11). In that order, the Court warned the parties that the "**[f]ailure to file a timely motion for summary judgment may result in sanctions, including granting all or part of the relief requested by the opposing party, or dismissal, as appropriate**." (Dkt. 11) (emphasis in original). Plaintiff neither filed a motion for summary judgment, nor made any attempt to seek an extension. On July 22, 2011, the Court issued an order for plaintiff to show cause in writing, by August 5, 2011, why he failed to comply with the scheduling order. (Dkt. 12). In the alternative, the Court permitted plaintiff to file his motion for summary judgment by that same date. (Dkt. 12). He did neither. The show cause order specifically provided that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause in this matter by May 26, 2011 will result in a recommendation of dismissal of plaintiff's case**." (Dkt. 12) (emphasis in original).

   B.   <u>Administrative Proceedings</u>

Plaintiff filed the instant claims on July 19, 2006, alleging that he became unable to work on January 17, 2006. (Dkt. 10-5, Pg ID 129). The claim was initially disapproved by the Commissioner on August 11, 2006. (Dkt. 10-4, Pg ID 89-92). Plaintiff requested a hearing and on February 11, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Ayrie Moore, who considered the case *de novo*. In a decision dated June 2, 2009, the ALJ found that

2

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

plaintiff was not disabled.  (Dkt. 10-2, Pg ID 30-43).  Plaintiff requested a review of this decision on July 16, 2009.  (Dkt. 10-2, Pg ID 28).  The ALJ's decision became the final decision of the Commissioner on December 9, 2010, when the Appeals Council denied plaintiff's request for review.  (Dkt. 10-2, Pg ID 25-27); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation.  For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.  FACTUAL BACKGROUND

Plaintiff was 35 years of age at the time of the most recent administrative hearing.  (Dkt. 10-2, Pg ID 49).  Plaintiff's relevant work history included approximately five years as a cashier, laborer, production worker, and stock person. (Dkt. 10-6, Pg ID 148).  In denying plaintiff's claims, defendant Commissioner considered right hand injury, plantar fascitis, and broken right foot as possible bases of disability.  (Dkt. 10-6, Pg ID 164).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since July 19, 2006.  (Dkt. 10-2, Pg ID 35).  At step two, the ALJ found that plaintiff's

3

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

status post lis franc fracture of the right ankle and plantar fascitis were "severe" within the meaning of the second sequential step. *Id*. At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. (Dkt. 10-2, Pg ID 36). At step four, the ALJ found that plaintiff could not perform his previous work as a cashier, labor construction, packing company worker and machine operator. (Dkt. 10-2, Pg ID 41). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. *Id.*

### III. DISCUSSION

#### A. Rule 41(b) Dismissal

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior

4

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to

5

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing, *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff on two occasions that his case would be dismissed with prejudice if he failed to file her motion for summary judgment or satisfactorily respond to the order to show cause. (Dkt. 11, 12). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's

6

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

failure to prosecute is due to willfulness, bad faith or fault." *Id*. Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the filing of the complaint, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, he failed to file an initial brief, and failed to file a reply to defendant's brief. Plaintiff also failed to file any substantive response to the order to show cause. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

This outcome is consistent with the prevailing practice throughout this

7

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

district. *See e.g.*, *Gayles v. Comm'r of Soc. Sec.*, 2010 WL 3582553, *1 (E.D. Mich. 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Miles-Richardson v. Comm'r of Soc. Sec.*, 2010 WL 1790976, *1 (E.D. Mich. 2010) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, 2009 WL 4646029, *2 (E.D. Mich. 2009) (Borman, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *Yax v. Comm'r of Soc. Sec.*, 2011 WL 3034914, *1 (Battani, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)).

B.  Defendant's Motion for Summary Judgment

In the alternative, the undersigned also recommends that defendant's motion for summary judgment be granted. The undersigned has reviewed the record evidence, the ALJ's decision, and the Commissioner's motion for summary judgment. The Commissioner's argument that the ALJ properly weighed the medical evidence is supported by substantial evidence in the record. While the RFC form completed by plaintiff's treating physician, referred to in the ALJ's decision (Dkt. 10-2, Pg ID 40), is not included in the record,[1] the undersigned has

---

[1] According to government counsel, this report was never made part of the record although the reasons for that are not entirely clear. In addition, plaintiff has not asserted any objection to the content of the transcript.

8

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

reviewed plaintiff's physician's other records and concludes that the ALJ properly rejected the extreme limitations imposed by the treating physician and the decision is otherwise supported by substantial evidence.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

9

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: February 21, 2012              s/Michael Hluchaniuk
                                     Michael Hluchaniuk
                                     United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on February 21, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Kenneth L. Shaitelman, AUSA, and the Commissioner of Social Security, and I certify that I have mailed by United States Postal Service the foregoing pleading to the plaintiff, a non-ECF participant, at the following address: Michael Seay, 2853 Prospect Street, Flint, MI 48504.

                                     s/Darlene Chubb
                                     Judicial Assistant
                                     (810) 341-7850
                                     darlene_chubb@mied.uscourts.gov

10

Report and Recommendation
Rule 41(b) Dismissal/Motion for Summary Judgment
*Frazier v. Comm'r*; Case No. 10-15120